## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BRUCE HALLETT,

      Plaintiff,

v.

STUART DEAN CO., INC., ADRIENE
BAILEY, individually, THOMAS
BROWN, individually, MARGARET
CULLEN, individually, SCOTT DAY,
individually, CHRIS DEGAN,
individually, CATHLEEN DEGAN-
NIKAS, individually, SCOTT
HALSTEAD, individually, TIMOTHY
SHEA, individually, and KRISTEN
SCHORP, individually,

      Defendants.

**U.S. DISTRICT COURT
SOUTHERN DISTRICT OF
NEW YORK**

Civ. No.:  1:20-cv-03881 (JSR)

Miscellaneous Case
No. _____

---

## NON-PARTIES JOHN SINKULAR AND PAY GOVERNANCE'S MOTION TO QUASH THE THIRD-PARTY SUBPOENAS SERVED BY PLAINTIFF PURSUANT TO RULE 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Non-Parties John Sinkular ("Mr. Sinkular") and Pay Governance (collectively

the "Non-Parties"), through counsel, hereby move this Court pursuant to Fed. R.

Civ. P. 45(d)(3) to quash subpoenas, which were served upon them by Plaintiff

Bruce Hallett (hereinafter "Plaintiff"), on October 20, 2020, or, in the alternative,

for a protective order under Rule 26(c). In support of this Motion, Non-Parties rely

on their Brief in Support of their Motion to Quash, and exhibits attached thereto,

including the Declaration of John Sinkular.  Concurrence in the relief requested in this Motion was sought from Plaintiff's counsel by email on October 26, 2020. Concurrence was not obtained, thereby necessitating the filing of this Motion with the Court.

WHEREFORE, for the reasons stated herein and those set forth more fully in Non-Parties' Brief in Support of their Motion to Quash, the Non-Parties respectfully request that this Court quash the subpoena issued by Plaintiff to Non-Parties. Alternatively, Non-Parties respectfully requests that this Court issue a protective order limiting the scope of the subpoenas to documents relevant to Plaintiff's employment with Defendant Stuart Dean and any compensation allegedly arising therefrom.

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

Dated: October 28, 2020

By: /s/ *H. William Burdett, Jr.*
    H. William Burdett, Jr. (P63185)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone: (248) 723-0381 | Fax: (248) 645-1568
Email: BBurdett@HowardandHoward.com

***Attorney for Non-Parties John Sinkular and Pay Governance***

2

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRUCE HALLETT,

      Plaintiff,

v.

STUART DEAN CO., INC., ADRIENE
BAILEY, individually, THOMAS
BROWN, individually, MARGARET
CULLEN, individually, SCOTT DAY,
individually, CHRIS DEGAN,
individually, CATHLEEN DEGAN-
NIKAS, individually, SCOTT
HALSTEAD, individually, TIMOTHY
SHEA, individually, and KRISTEN
SCHORP, individually,

      Defendants.

**U.S. DISTRICT COURT
SOUTHERN DISTRICT OF
NEW YORK**

Civ. No.:  1:20-cv-03881 (JSR)

---

**NON-PARTIES JOHN SINKULAR AND PAY GOVERNANCE'S BRIEF IN
SUPPORT OF THEIR MOTION TO QUASH THE THIRD-PARTY
SUBPOENAS SERVED BY PLAINTIFF PURSUANT TO RULE 45 OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

i

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................1

STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ............2

ARGUMENT ...........................................................................4

I.   THIS COURT HAS JURISDICTION OVER THE INSTANT MOTION ...... 4

II.   THE NON-PARTIES HAVE STANDING TO QUASH THE SUBPOENA . 5

III.   THE COURT MUST QUASH THE SUBPOENAS AS THEY FAIL TO
COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 45 ........................... 6

   A.  Plaintiff Failed To Provide Non-Parties With Reasonable Time To Comply
   With The Subpoenas ................................................................6

   B.  Compliance With Plaintiff's Subpoenas Would Subject The Non-Parties To
   Undue Burden. ......................................................................7

   C.  Compliance With Plaintiff's Subpoenas Would Constitute An Unretained
   Expert Opinion. ...................................................................11

IV.   IN THE ALTERNATIVE, EVEN IF THIS COURT DOES NOT QUASH
THE SUBPOENAS, THE REQUESTS ARE OVERBROAD AND A
PROTECTIVE ORDER IS WARRANTED AND ANY REQUESTS SHOULD
BE STRICTLY LIMITED TO INFORMATION RELEVANT TO THIS
LITIGATION ........................................................................ 12

CONCLUSION .......................................................................12

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ackermann v. N.Y.C. Dep't. of Info. Tech.*,
   2010 U.S. Dist. LEXIS 28537 (E.D.N.Y. Mar. 24, 2010)...................................8

*Alexander v. FBI*,
   186 F.R.D. 21 (D.D.C. 1998)................................................................................8

*Brown v. Hendler,*
   2011 U.S. Dist. LEXIS 9476 (S.D.N.Y. Jan. 31, 2011) .......................................7

*Builders Ass'n of Greater Chicago v. City of Chicago*,
   2001 U.S. Dist. LEXIS 7730 (N.D. III. June 11, 2001) .......................................5

*CareFusion 2200, Inc. v. Entrotech Life Sci., Inc.*,
   2015 U.S. Dist. LEXIS 56130 (S.D. Ohio Apr. 29, 2015) ...................................7

*Carter-Wallace, Inc. v. Otte*,
   474 F.2d 529 (2d Cir. 1972) ...............................................................................11

*Compaq Computer Corp. v. Packard Bell Elec., Inc.*,
   163 F.R.D. 329 (N.D. Cal. 1995).........................................................................5

*Crosby v. City of New York*,
   269 F.R.D. 267 (S.D.N.Y. 2010) .........................................................................6

*EEOC v. Ford Motor Credit Co.*,
   26 F.3d 44 (6th Cir. 1994) ...................................................................................7

*Fein v. Numex Corp.*,
   92 F.R.D. 94 (S.D.N.Y. 1981) .............................................................................5

*Hansen Bev. Co. v. Innovation Ventures, LLC*,
   2009 U.S. Dist. LEXIS 65358 (E.D. Mich. July 29, 2009)..................................8

*Kirschner v. Klemons*,
   2005 U.S. Dist. LEXIS 9803 (S.D.N.Y. May 18, 2005) .....................................8

*Koch v. Greenberg*,
   2009 U.S. Dist. LEXIS 61913 (S.D.N.Y. July 14, 2009)....................................6

*Stahl v. Coschocton Cty.*,
    2016 U.S. Dist. LEXIS 130526 (S.D. Ohio Sep. 23, 2016) ................................7

*Wiwa v. Royal Dutch Petroleum Co.*,
    392 F.3d 812 (5th Cir. 2004) ................................................................................8

## Other Authorities

Fed. R. Civ. P. 26 ....................................................................................................5

Fed. R. Civ. P. 45(d)(3)..............................................................................4, 5, 6, 7, 11

## <u>ISSUES PRESENTED</u>

I.   Should the Court grant Non-Parties John Sinkular and Pay Governance's Motion to Quash?

    Non-Parties answer: Yes

    Defendants answer: Yes

    Plaintiff answers: No


II.  In the alternative, should the Court grant Non-Parties John Sinkular and Pay Governance's Motion for Protective Order and limit the scope of the subpoenas to the Non-Parties?

    Non-Parties answer: Yes

    Defendants answer: Yes

    Plaintiff answers: No

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

**Cases**

*EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994).

*Carter-Wallace, Inc. v. Otte,* 474 F.2d 529, 536 (2d Cir. 1972).

*Hansen Bev. Co. v. Innovation Ventures, LLC*, 2009 U.S. Dist. LEXIS 65358, at *3 (E.D. Mich. July 29, 2009).

**Other Authorities**

Fed. R. Civ. P. 45

## PRELIMINARY STATEMENT

Non-Parties John Sinkular and Pay Governance ("Non-Parties") move to quash the subpoenas issued by Plaintiff Bruce Hallett ("Plaintiff") to the Non-Parties, or alternatively for entry of a protective order limiting the scope of the subpoenas to protect the Non-Parties from Plaintiff's overbroad and unduly burdensome subpoenas that are not proportional to the needs of the case.  Plaintiff served as the President and CEO of Defendant Stuart Dean from March 2018 to March 2020.  Mr. Sinkular is a Partner at Pay Governance, an independent firm that serves as an advisor on executive compensation matters. Defendant Stuart Dean previously engaged Mr. Sinkular and Pay Governance to design and develop certain incentive compensation plans for managers and executives of the Company.  During Plaintiff's tenure as CEO, Defendant Stuart Dean requested that Pay Governance submit a proposal for the creation of a Long Term Incentive Compensation Plan ("LTIP") for Plaintiff.  Although the proposal was received, Pay Governance was never formally engaged.  Mr. Sinkular resides and works for Pay Governance in the Eastern District of Michigan.[1]

Nevertheless, Plaintiff requests, by way of a subpoena for documents and a subpoena for Mr. Sinkular's deposition testimony, expansive periods to search for information – none of which are necessary for purposes of Plaintiff's prosecution of this case – including any and all documents and communications concerning the salary,

---

[1]     Mr. Sinkular's Declaration is attached hereto as Exhibit F.

compensation, bonus, or incentive plan for Stuart Dean CEOs and other executives generally from January 1, 2010 through the present.  Plaintiff, without ever retaining Mr. Sinkular as an expert in this matter, seeks to conduct a broad and extremely burdensome fishing expedition at the expense of Pay Governance, in an effort to obtain documentation which, if it exists, should be readily available from the parties to the litigation.  Under these facts, and pursuant to well-established law, this Court must quash this unduly burdensome subpoena that is not proportional to the needs of the case, or otherwise enter a protective order limiting the time period and scope of the subpoenas to include only those documents and communications concerning Plaintiff's employment with Defendant Stuart Dean as CEO and any compensation allegedly arising, and conditioning the Non-Parties' obligation to comply with any portion of the subpoenas on being paid all costs and attorneys' fees incurred by Pay Governance in complying with the subpoena.

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff commenced this action asserting claims against Corporate Defendant Stuart Dean Co., Inc. ("Stuart Dean" or the "Company"), and individually named Defendants, Adriene Bailey, Thomas Brown, Margaret Cullen, Scott Day, Chris Degan, Cathleen Degan-Nikas, Scott Halstead, Timothy Shea, and Kristen Schorp (together with Stuart Dean, the "Defendants") on May 19, 2020 by filing the instant action with the United States District Court, Southern District of New York.  Attached hereto as

2

Exhibit A is a copy of Plaintiff's Complaint. Neither John Sinkular nor PayGovernance is a party to that Complaint. Among other claims, Plaintiff alleges Defendants failed to enter into a promised LTIP with Plaintiff.

The present dispute concerns two utterly irrelevant and exceptionally overbroad third-party subpoenas served by Plaintiff on the Non-Parties on October 20, 2020. Attached hereto as Exhibit B is a copy of the October 20, 2020 email from Plaintiff's counsel to Non-Parties' counsel serving the subpoenas.  Attached hereto as Exhibit C is a copy of Plaintiff's subpoenas to Non-Parties. Plaintiff's subpoenas seek compliance in Troy, Michigan, where both Mr. Sinkular and the documents being sought are located.    Plaintiff's subpoenas seek overly broad, unduly burdensome information/documents from over a ten (10) year period not proportional to the needs of the case when considering the importance of the issues at stake in the action, the parties' access to relevant information from other sources, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  The timeframe, scope, breadth, and intrusiveness of these requests are outside the bounds of permissible discovery from a non-party and seek documents which have no bearing on this case.  Moreover, Plaintiff's subpoenas would require Mr. Sinkular to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute.

It is clear that the subpoenas are an attempt to harass wholly unrelated parties when the information sought could have been easily obtained through the proper custodian.  Additionally, no party to this action has ever retained Mr. Sinkular to serve as an expert. Critically, a review of the Docket in the instant litigation reveals that the deadline to identify experts and serve expert disclosures passed on September 18, 2020 with no such identification made of Mr. Sinkular as an expert.

Non-Parties attempted to meet and confer with Plaintiff's counsel by email dated October 26, 2020. Attached hereto as Exhibit D is a copy of the October 26, 2020 email. Non-Parties objected to the subpoenas and sought to narrow their scope. Plaintiff's counsel declined to provide concurrence to the relief sought.

## ARGUMENT

## I.   THIS COURT HAS JURISDICTION OVER THE INSTANT MOTION

Rule 45 of the Federal Rules of Civil Procedure ("FRCP") governs the subpoena process under federal law.  Pursuant to Rule 45(d)(3), the court for the district where compliance is required maintains authority over any motion to quash or modify a subpoena.  In the instant matter, Plaintiff's subpoenas seek documents and testimony from Mr. Sinkular, who resides in Troy, Michigan.  Accordingly, this Court has jurisdiction over the instant motion to quash Plaintiff's subpoenas.

## II.  THE NON-PARTIES HAVE STANDING TO QUASH THE SUBPOENAS

Rule 45 explicitly makes clear that any individual "subject to or affected by a subpoena" may make a motion to quash or modify the subpoena if it "subjects a person to undue burden" and/or requires "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party".  Fed. R. Civ. P. 45(d)(3)(A)(iv) and 45(d)(3)(B)(i).  Additionally, many courts have held that non-parties may raise relevancy objections to subpoenas. *Builders Ass'n of Greater Chicago v. City of Chicago*, 2001 U.S. Dist. LEXIS 7730, *27 (N.D. Ill. June 11, 2001) (concluding that "the non-party movants and objectors have standing on their own behalf to challenge the relevance of the materials sought in the subpoenas and are not limited to arguing to the burdensomeness of responding to the subpoena in their particular situations.")[2]; *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 335 (N.D. Cal. 1995) (finding misguided the argument that "a non-party, lacks standing to assert non-relevance in seeking to quash a subpoena."); *Fein v. Numex Corp.*, 92 F.R.D. 94, 96 (S.D.N.Y. 1981) (as to standing to object on the basis of relevancy, "Rule 26(b) of the Federal Rules of Civil Procedure limits discovery to relevant matters, and makes no distinction in this regard between information in the

---

[2]  Unpublished decisions cited to herein are attached as Exhibit E.

5

hands of parties and that held by nonparties . . . it is difficult to imagine a considered evaluation of burdensomeness in the abstract, without balancing the degree of burdensomeness against the extent to which the discovery sought is relevant to the issues in the litigation"). Thus, it is clear the Non-Parties have standing to challenge the information sought by Plaintiff's subpoena.[3]

## III.   THE COURT MUST QUASH THE SUBPOENAS AS THEY FAIL TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 45

### A.   Plaintiff Failed To Provide Non-Parties With Reasonable Time To Comply With The Subpoenas.

Rule 45 requires a court to quash or modify a subpoena if the subpoena: (1) does not allow a reasonable time for compliance; (2) requires a person who is not a party to the action to travel more than 100 miles; (3) requires disclosure of privileged or other protected matter and no exception or waiver applies; or (4) subjects a person to undue burden.  Fed. R. Civ. P. 45(d)(3)(A)(i-iv).

Here, Plaintiff did not provide for a reasonable time for compliance.  Non-Parties received the subpoena on October 20, 2020 which demanded production

---

[3] While the instant motion is properly before the United States District Court for the Eastern District of Michigan pursuant to Federal Rule of Civil Procedure 45(d)(3), the Non-Parties would still have standing to object to Plaintiff's subpoenas even if applying New York case law. *See e.g., Crosby v. City of New York*, 269 F.R.D. 267, (S.D.N.Y. 2010) (non-party District Attorney of New York found to have standing to challenge relevance of subpoena directed at it); *Koch v. Greenberg*, 2009 U.S. Dist. LEXIS 61913 (S.D.N.Y. July 14, 2009) (non-party Christie's Auction House found to have standing to move to quash subpoenas directed at it by plaintiff).

from Non-Party Pay Governance by October 26, 2020 and both a deposition and a production from Non-Party John Sinkular by October 30, 2020; respectively just four (4) and eight (8) business days later. Although Rule 45 does not specify what length of time qualifies as reasonable, federal courts have found that requiring responses within four (4), six (6), or even eight (8) days is unreasonable. *See, e.g.*, *Stahl v. Coschocton Cty.*, 2016 U.S. Dist. LEXIS 130526, at *7 (S.D. Ohio Sep. 23, 2016) (finding that the subpoena, which allowed only four days following receipt, failed to provide a reasonable time for compliance); *CareFusion 2200, Inc. v. Entrotech Life Sci., Inc.,* 2015 U.S. Dist. LEXIS 56130, at *2-3 (S.D. Ohio Apr. 29, 2015) (finding a six-day response time to be unreasonable); *Brown v. Hendler, 2011 U.S. Dist. LEXIS 9476, at *2* (S.D.N.Y. Jan. 31, 2011) (noting that "[f]ederal courts have also found compliance times of eight and seven days not to be reasonable."). As such, the motion to quash must be granted on this basis alone.

### B. Compliance With Plaintiff's Subpoenas Would Subject The Non-Parties To Undue Burden.

In addition, upon a "timely motion," a court must quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Whether a burden is undue requires weighing "the likely relevance of the requested material . . . against the burden . . . of producing the material." *EEOC v. Ford Motor Credit Co.*, 26 F.3d

44, 47 (6th Cir. 1994).[4]  Courts consider one's status as a nonparty to be a significant factor in the undue-burden analysis. *Hansen Bev. Co. v. Innovation Ventures, LLC*, 2009 U.S. Dist. LEXIS 65358, at * 3 (E.D. Mich. July 29, 2009).  In determining whether a subpoena presents an "undue burden or expense," a court may consider a variety of factors, including: (1) relevance of the information requested; (2) the need of the party for the production; (3) the breadth of the request for production; (4) the time period covered by the subpoena; and (5) the particularity with which the subpoena describes the requested production; and (6) the burden imposed.  See, e.g., *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *Alexander v. FBI*, 186 F.R.D. 21, 34 (D.D.C. 1998).

In the instant matter, the burden and cost associated with searching for potentially responsive documents due to the scope and breadth of the requested documents as well as the burden associated with preparing for such a broad and intrusive deposition, particularly given the incredibly limited response time demanded in the subpoena, makes the subpoenas unreasonable on their face.

---

[4] New York courts apply the same relevance and undue burden analysis. *Ackermann v. N.Y.C. Dep't. of Info. Tech.*, 2010 U.S. Dist. LEXIS 28537, at *4 (E.D.N.Y. Mar. 24, 2010) (finding that where the evidence sought is "doubtful and tangential to the underlying case," "enforcement of the subpoena would constitute a misuse of the discovery process."); *see also Kirschner v. Klemons*, 2005 U.S. Dist. LEXIS 9803 at *6 (S.D.N.Y. May 18, 2005) (finding when a subpoena "pursues material with little apparent or likely relevance to the subject matter, [it] is likely to be quashed as unreason, even where the burden of compliance would not be onerous.").

As an initial matter, nearly all of the information sought by the subpoenas is not relevant to the allegations in Plaintiff's Complaint. *See* Exhibit A. A simple comparison of the Complaint with Plaintiff's Non-Party subpoenas demonstrates that a significant portion of the testimony and documents sought by Plaintiff's subpoenas are wholly irrelevant to Plaintiff's allegations. Through these requests, Plaintiff seeks testimony and documentation that goes far beyond the relevant facts and time period for this action. Plaintiff's claims concern compensation that was ***allegedly due to him*** by virtue of his employment as CEO with Defendant Stuart Dean. As mentioned previously, Plaintiff served as the President and CEO of Defendant Stuart Dean from March 2018 to March 2020. Nevertheless, Plaintiff's subpoenas identify the relevant time period as January 1, 2010 to the present, thereby seeking over ten (10) years' worth of testimony and documents, which is well beyond any applicable statute of limitations period.

Nevertheless, Plaintiff's deposition subpoena to Mr. Sinkular includes on the list of matters for testimony: "LTIP and bonus compensation for Mark Parrish or any CEO or Stuart Dean executive from 2010 to 2020" and "Compensation for executives generally and at Stuart Dean". *See* Exhibit C. Moreover, Plaintiff's production subpoena seeks: "Any and all communications between [Non-Parties] and Stuart Dean"; "Any and all documents concerning or containing any salary or compensation information the position of CEO at Stuart Dean"; "Any and all

documents concerning or containing any information regarding an [LTIP] for the position of CEO at Stuart Dean"; and "Any and all documents concerning or containing any bonus or incentive plan information for the position of CEO at Stuart Dean". *See* Exhibit C (emphasis removed).  Consequently, the subpoena clearly constitutes an unwarranted fishing expedition that far exceeds the scope of relevant and permissible discovery.

Plaintiff also has no legitimate need for the production of information relevant to the litigation from the Non-Parties because such information is readily obtainable from parties to the litigation in as much as this matter concerns communications between Plaintiff and Defendants.  The Non-Parties do not maintain any relevant information which could not otherwise be obtained from a party to this action.  Lastly, the burden of searching for and producing the requested information for over a ten (10) period of time cannot be underestimated. The instant subpoenas were served on October 20th with response deadlines of October 26th and October 30th, only four (4) and eight (8) business days after the date of service.  These timelines present an unreasonable and undue burden on the Non-Parties to review and produce ten (10) years' worth of documents over the course of only one week.  Thus, an evaluation of the relevant factors demonstrates overwhelmingly that the potential relevance of the requested material is far outweighed by the burden of requiring the

Non-Parties to produce the material, which to the extent it may be relevant or otherwise may exist, is already in the possession of parties to the litigation.

Therefore, to prevent the Non-Parties from being subjected to the undue burden of responding to Plaintiff's overly broad, irrelevant, and duplicative requests, the Court must quash Plaintiff's subpoenas pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iv).

## C. Compliance With Plaintiff's Subpoenas Would Constitute An Unretained Expert Opinion.

Fed. R. Civ. P. 45 further authorizes a court to quash or modify a subpoena if the subpoena requires "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party". Fed. R. Civ. P. 45(d)(3)(B)(ii).  While courts in the Sixth Circuit have not analyzed this provision of Rule 45, courts in other Circuits have considered when to compel a non-retained expert witness to produce documents or testify at a deposition.  Specifically, the Second Circuit has found that a Court may only do so upon a showing of "substantial need for the testimony or material that cannot be otherwise met without undue hardship" and assurance "that the subpoenaed person will be reasonably compensated." *Carter-Wallace, Inc. v. Otte,* 474 F.2d 529, 536 (2d Cir. 1972).  In the instant matter, Plaintiff cannot demonstrate a substantial need for Mr. Sinkular's testimony, let alone that such testimony can be obtained without undue hardship.    Finally, and as previously

stated, Plaintiff did not identify him as an expert in this matter.  To force Mr. Sinkular to testify at a deposition would allow Plaintiff to sidestep this Court-imposed deadline.

## IV.   IN THE ALTERNATIVE, EVEN IF THIS COURT DOES NOT QUASH THE SUBPOENAS, THE REQUESTS ARE OVERBROAD AND A PROTECTIVE ORDER IS WARRANTED AND ANY REQUESTS SHOULD BE STRICTLY LIMITED TO INFORMATION RELEVANT TO THIS LITIGATION

Even assuming *arguendo* that Plaintiff's subpoenas do not subject the Non-Parties to undue burden or do not require disclosure of an unretained expert opinion, the subpoenas still seek information that is not relevant or proportional to the needs of this action and remain overly broad for the reasons stated previously. Accordingly, even if this Court denies the instant motion to quash, the scope of Plaintiff's subpoenas should be narrowed to include only those documents and communications concerning Plaintiff's employment with Defendant Stuart Dean as CEO and any compensation allegedly arising therefrom. Similarly, the relevant time period for the subpoenas should be limited to January 2018 through March 2020.

## CONCLUSION

Based on the foregoing, Non-Parties respectfully requests that this Court quash Plaintiff's subpoenas to the Non-Parties in their entirety, or in the alternative, enter a protective order limiting the scope of Plaintiff's subpoenas to documents

relevant to Plaintiff's employment with Defendant Stuart Dean as CEO and any compensation allegedly arising therefrom.

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

Dated: October 28, 2020

By: /s/ *H. William Burdett, Jr.*
 H. William Burdett, Jr. (P63185)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone: (248) 723-0381 | Fax: (248) 645-1568
Email: BBurdett@HowardandHoward.com

***Attorney for Non-Parties John Sinkular and Pay Governance***

## LOCAL RULE CERTIFICATION

I, H. William Burdett, Jr., certify that this document complies with Local Rule 5.1(a), including: double-spaced; at least one-inch margins; consecutive page numbering; and type size of all text and footnotes that is no smaller than 14-point font.  I also certify that it is the appropriate length pursuant to Local Rule 7.1(d)(3); and that concurrence in the relief requested was sought pursuant ot Local Rule 7.1(a).

/s/ *H. William Burdett, Jr.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of October, 2020, the within **BRIEF IN SUPPORT OF NON-PARTIES' MOTION TO QUASH PLAINTIFF'S SUBPOENAS** was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court upon all counsel of record in this action:

| | |
|---|---|
| Tracy A. Warren, Esq.<br>Ashley L. Milnes, Esq.<br>Buchalter<br>655 W. Broadway, Suite 1625<br>San Diego, CA 92101<br>twarren@buchalter.com | Lauren M. Paxton, Esq.<br>Calcagni & Kanefsky LLP<br>85 Broad Street, Suite 17031<br>New York, NY 10004<br>lpaxton@ck-litigation.com |
| Michael A. Jakowsky, Esq.<br>Lauren A. Parra, Esq.<br>Jackson Lewis P.C.<br>666 Third Avenue<br>New York, New York 10017<br>Michael.jakowsky@jacksonlewis.com | Gus L. Friedman, Esq.<br>2227 Brendon Drive<br>Atlanta, GA 30338<br>gfmn1@bellsouth.com |

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

Dated: October 28, 2020      By: */s/ H. William Burdett, Jr.*
                                         H. William Burdett, Jr. (P63185)
                                   450 West Fourth Street
                                   Royal Oak, Michigan 48067-2557
                                   Phone: (248) 723-0381 | Fax: (248) 645-1568
                                   Email: BBurdett@HowardandHoward.com

*Attorney for Non-Parties John Sinkular and Pay Governance*