UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE HALLETT,

              Plaintiff,

v.

STUART DEAN CO. INC., et al.,

              Defendants.

_____/

Case No. 2:20-mc-51309

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING
NONPARTIES MOTION TO QUASH THIRD PARTY SUBPOENA [1]**

The matter arose from a subpoena served on John Sinkular and Pay Governance in an ongoing matter in the United States District Court for the Southern District of New York ("SDNY"). ECF 1. Plaintiff worked as the President and CEO of Stuart Dean Co. from March 2018 until March 2020. *Id.* at 9. Plaintiff sued Stuart Dean Co. and several individuals in SDNY, and then served a subpoena in that litigation on two nonparties to the case: Sinkular and Pay Governance. *Id.* at 10–11.

During Plaintiff's tenure as CEO, Stuart Dean Co. requested Pay Governance, "an independent firm that serves as an advisor on executive compensation matters," to submit a proposal for the creation of a Long Term Incentive Compensation Plan ("LTIP") that Stuart Dean would consider. *Id.* at 9. The record confirmed that Pay Governance sent a proposal to Stuart Dean, but that the firm was never formally engaged. *Id.*

On October 20, 2020, Plaintiff served a subpoena on Sinkular and Pay Governance and requested all communication and documents between Stuart Dean and the third parties from January 1, 2010 to the present as well as all documents containing information regarding salary or compensation of Stuart Dean's CEO, LTIP for Stuart Dean's CEO, or any bonus or incentive plans for Stuart Dean's CEO. ECF 1-4, PgID 69–72, 78–82. The subpoena also demanded Sinkular's appearance at a deposition ten days later and that he be prepared to discuss (1) LTIP for Plaintiff while employed at Stuart Dean, including any "documents, emails or text messages regarding the same," (2) any compensation for Plaintiff while employed at Stuart Dean, again including all communications about the same, (3) LTIP and bonus compensation for any CEO or Stuart Dean executive from 2010 to 2020, and (4) compensation for executives generally and at Stuart Dean. *Id.* at 81.

Under Federal Rule of Civil Procedure 45(d)(3), "the court for the district where compliance is required *must* quash or modify a subpoena" for a few reasons including if the subpoena fails to allow a reasonable time to comply or if the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(i), (iv) (emphasis added). Because the subpoena seeks documents and testimony from a Troy, Michigan resident, the Court has jurisdiction over the third-party subpoena.

Here, the subpoena did not provide a reasonable time for compliance. Fed. R. Civ. P. 45(d)(3)(i). The nonparties received the subpoena on October 20; it demanded Pay Governance produce nearly ten years' worth of documents by October 26 and demanded Sinkular produce documents and sit for a deposition by October 30. ECF

1-4, PgID 78. Although the federal rules do not specify a timeframe that is considered "reasonable," it is undeniable that the time to become familiar with the issues in a case, find counsel, search documents, and prepare for a deposition will take more than four to eight business days. That is especially true when a nonparty unexpectedly receives a subpoena. Several federal courts have reached similar conclusions. *See, e.g.*, *Stahl v. Coschocton Cnty.*, No. 2:15-CV-572, 2016 WL 5341800, at *2 (S.D. Ohio Sept. 23, 2016) (noting federal courts routinely find six days is an unreasonable amount of time to comply with a subpoena) (collecting cases); *Brown v. Hendler*, No. 09-cv-4486, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) ("Federal courts have also found compliance times of eight and seven days not to be reasonable.").

Even if the timeframe of the subpoena were reasonable, the motion to quash would still be granted because it subjects the nonparties to an undue burden. To determine whether the burden of a subpoena is undue, the Court must weigh "the likely relevance of the requested material . . . against the burden . . . of producing the material." *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 09-50630, 2009 WL 2351769, at *1 (E.D. Mich. July 28, 2009) (quoting *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994)). And in balancing, the Court must consider the "status as a nonparty to be a significant factor in the undue-burden analysis." *Id.* As stated above, the requested material here includes almost a decade's worth of information from Pay Governance and Sinkular, yet the complaint is specific to the compensation Plaintiff received during his 2018 to 2020 tenure as CEO—a difference of almost eight years. ECF 1, PgID 17. The nonparties also assert that access to the information from

Pay Governance and Sinkular is irrelevant because the information about pay structure would be readily available from the parties to the litigation. *Id.* And finally, the nonparties argue the requested testimony by Sinkular would be the testimony of a nonretained expert witness, in violation of Rule 45(d)(3)(B)(ii). *Id.* at 19. Because the information about the pay and LTIP compensation for Plaintiff and his predecessors should be readily available from Defendant, and because the nonparties merely submitted proposed guidance, the Court finds that the burden of producing a decade's worth of material, on short notice, by nonparties outweighs the likely relevance of the requested materials. In sum, the timing of the subpoena is unreasonable, and the burden outweighs the relevance of the material requested. If Plaintiff seeks to retain Sinkular as an expert or more narrowly define the information in his subpoena, the Court's order would not prevent those actions.

**WHEREFORE**, it is hereby **ORDERED** that the nonparties motion to **QUASH** the third-party subpoena [1] is **GRANTED.**

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 7, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 7, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager